# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION
# CIVIL ACTION NO. 5:15-CV-00061-TBR

KAREN SLOAN,                                                                           Plaintiff,

v.

DRURY HOTELS COMPANY, LLC          Defendant/Third-Party Plaintiff,

v.

JOAN ROSS SQUIRES,                               Third-Party Defendant.

## MEMORANDUM OPINION AND ORDER

In anticipation of the approaching trial in this action, Joan Squires has filed an omnibus motion *in limine*. For the reasons that follow, Squires' Motion in Limine, [R. 33], is **GRANTED IN PART** and **DENIED IN PART**.

### I.

### A.

In March 2014, Terry and Karen Sloan decided to stay at the Drury Inn located in Paducah, Kentucky, for an extended period while repairs were made to their home. [R. 51 at 1 (Mrs. Sloan's Pretrial Memorandum).] The Sloans, who owned three small dogs, selected the Drury Inn because of its pet-friendly policies. [*Id.*] During the early morning hours of March 7, Mrs. Sloan took her dogs outside for a walk. [*Id.*] When Mrs. Sloan exited the Drury Inn, Joan Squires, who was also a guest there, was in the "pet relief area" across the parking lot. [*See* R. 35 at 1–2 (Drury Hotels Company's Pretrial Memorandum).] She had been walking her dog too, though, unlike Mrs. Sloan, without a leash. [*Id.* at 1.] As Mrs. Sloan made her way to the pet relief area, she fell, injuring her left elbow. [R. 51 at 1.]

1

The parties disagree as to what caused her fall. [*Compare* R. 30 at 1–2 (Squires' Pretrial Memorandum), *and* R. 51 at 1–3, *with* R. 35 at 1–2.] According to Mrs. Sloan, she encountered a patch of black ice in the parking lot and lost her footing. [R. 51 at 1.] The Drury Hotels Company, however, posits a different theory: It blames Squires' dog for startling Mrs. Sloan's dogs which caused her fall after she became entangled in their leashes. [R. 35 at 1–2.]

**B.**

In March 2015, Karen Sloan filed this slip-and-fall action against the Drury Hotels Company, LLC, in McCracken Circuit Court, alleging the Drury Hotels Company's failure to exercise reasonable care caused her fall and resulting injuries. [*See* R. 1-3 at 4–5, ¶¶ 12–24 (Complaint).] The Drury Hotels Company timely removed that action to this Court, [*see* R. 1 at 1–2, ¶¶ 1–4 (Notice of Removal)], and subsequently impleaded Joan Squires, seeking indemnity and contribution, [*see* R. 20 at 2–6, ¶¶ 6–30 (Third-Party Complaint)]. With the prospect of trial approaching, Squires has filed an omnibus motion *in limine*. [R. 33 at 1–4 (Squires' Motion in Limine).]

**II.**

Using the inherent authority to manage the course of trials before it, this Court may exclude irrelevant, inadmissible, or prejudicial evidence through *in limine* rulings. *See Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citing Fed. R. Evid. 103(c)); *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013); *Mahaney ex rel. Estate of Kyle v. Novartis Pharm. Corp.*, 835 F. Supp. 2d 299, 303 (W.D. Ky. 2011). Unless such evidence is patently "inadmissible for any purpose," *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997), though, the "better practice" is to defer

evidentiary rulings until trial, *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975), so that "questions of foundation, relevancy and potential prejudice may be resolved in proper context," *Gresh v. Waste Servs. of Am., Inc.*, 738 F. Supp. 2d 702, 706 (E.D. Ky. 2010). A ruling *in limine* is "no more than a preliminary, or advisory, opinion." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994) (citing *United States v. Luce*, 713 F.2d 1236, 1239 (6th Cir. 1983), *aff'd*, 469 U.S. 38). Consequently, the Court may revisit its *in limine* rulings at any time and "for whatever reason it deems appropriate." *Id.* (citing *Luce*, 713 F.2d at 1239).

### III.

#### A.

First, Squires seeks to preclude any reference to the existence or nonexistence of insurance coverage by any party for the purpose of establishing liability. [*See* R. 33 at 1–2.] Federal Rule of Evidence 411 reads, in pertinent part, that evidence of that sort is inadmissible "to prove whether [a] person acted negligently or otherwise wrongfully." Fed. R. Evid. 411. Neither Mrs. Sloan nor the Drury Hotels Company object to Squires' request. [*See* R. 60 at 1 (Mrs. Sloan's Response); R. 62 at 1 (Drury Hotels Company's Response).] Accordingly, the Court will preclude any reference to the existence or nonexistence of insurance coverage by any party for purposes of establishing liability.

#### B.

Second, Squires wishes to exclude any reference during *voir dire* to American Family Insurance's involvement in this litigation on her behalf. [R. 33 at 2–3.] Though the Drury Hotels Company has no objection to Squires' motion, [R. 62 at 1], Mrs. Sloan does, [R. 60 at 1–2]. There is nothing objectionable, Mrs. Sloan says, about asking

potential jurors whether they worked for an insurance company generally and, if so, in what capacity and for which company. [*Id.*]

The Court agrees with Mrs. Sloan. True enough, *voir dire* may not be used as a subterfuge to inform jurors about the existence of liability insurance coverage. *See New Aetna Portland Cement Co. v. Hatt*, 231 F. 611, 618–19 (6th Cir. 1916); *accord Planters Bank & Tr. Co. of Hopkinsville v. Deason*, 532 S.W.2d 16, 18 (Ky. 1975). There is a well-recognized exception, however, for questions aimed in good faith at exposing the possible bias of potential jurors. *See Cleveland Nehi Bottling Co. v. Schenk*, 56 F.2d 941, 942 (6th Cir. 1932); *accord Planters Bank & Tr. Co.*, 532 S.W.2d at 18. Mrs. Sloan's proposed *voir dire* questions, with some modification, fall into that category. While the Court will preclude reference to American Family Insurance specifically, it will allow questions intended to expose the possible bias of potential jurors more generally.

## C.

Third, Squires asks the Court to preclude reference to any settlement or compromise negotiations for the purpose of establishing liability or damages. [R. 33 at 3.] Subject to certain exceptions, Federal Rule of Evidence 408(a) forbids reference to settlement negotiations "to prove or disprove the validity or amount of a disputed claim." Fed. R. Evid. 408(a). On that point, all parties agree. [*See* R. 60 at 2; R. 62 at 1.] Therefore, the Court will exclude any evidence, reference, or testimony regarding settlement or compromise negotiations if offered for the purpose of establishing liability or damages.

**D.**

Fourth, Squires requests the automatic exclusion of any witness or exhibit not disclosed in compliance with Federal Rule of Civil Procedure 26. [R. 33 at 3.] The Drury Hotels Company does not oppose Squires' motion. [R. 62 at 1.] Though Mrs. Sloan concedes the propriety of Squires' request generally, she includes an important caveat: The Court should determine consequences of nondisclosure during trial, she suggests, not in an abstract *in limine* ruling.

Mrs. Sloan's suggestion is well taken. Civil Rule 26(a)(3)(A) requires, with limited exception, that each party provide the "the name . . . of each witness" and "an identification of each document or other exhibit" it expects to offer at trial as a part of its pretrial disclosures. Fed. R. Civ. P. 26(a)(3)(A)(i), (iii). Civil Rule 37 dovetails with this requirement: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Exclusion "of late or undisclosed evidence is," true enough, "the usual remedy for noncompliance with Rule 26(a) or (e)." *Howe v. City of Akron*, 801 F.3d 718, 747 (6th Cir. 2015). That is not always the case, however, since Civil Rule 37(c)(1) provides the Court "with the option to order alternative sanctions 'instead of' exclusion of the late or undisclosed evidence 'on motion and after giving an opportunity to be heard'" as well. *Id.* (quoting Fed. R. Civ. P. 37(c)(1)). Under the plain language of Civil Rule 37, then, automatic exclusion is inappropriate. The Court will defer deciding the consequences, if any, of nondisclosure until presented with that question in the proper context.

**E.**

Fifth, Squires seeks the automatic exclusion of any testimony relating to categories of damages which Mrs. Sloan has not previously disclosed. [*See* R. 33 at 4.] The Drury Hotels Company has no objection, [R. 62 at 2], but Mrs. Sloan does, [R. 60 at 2]. Mrs. Sloan represents that her proof "will conform to the categories of damages" disclosed during discovery. [*Id.*] To the extent Squires attempts to limit Mrs. Sloan's testimony solely to the details offered during her deposition, however, Mrs. Sloan objects. [*Id.*]

Again, it is premature to resolve questions of this sort before trial. Civil Rule 26(a)(1)(A)(iii) requires the party seeking damages to provide "a computation of each category of damages claimed" and to "make available for inspection and copying . . . the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered." Fed. R. Civ. P. 26(a)(1)(A)(iii). But as discussed earlier, noncompliance with Civil Rule 26(a) or (e) risks (but does not require) exclusion under Civil Rule 37(c)(1). *See* Fed. R. Civ. P. 37(c)(1); *Howe*, 801 F.3d at 747. Accordingly, the Court will defer deciding the consequences, if any, of nondisclosure until the appropriate time.

**IV.**

**IT IS HEREBY ORDERED** that Joan Ross Squires' Motion in Limine, [R. 33], is **GRANTED IN PART** and **DENIED IN PART**:

(1) No party shall make reference to the existence or nonexistence of insurance coverage for the purpose of establishing liability without first approaching the Court to explain why Federal Rule of Evidence 411 does not prohibit such testimony;

(2) The Court will make no reference to the involvement of American Family Insurance specifically in *voir dire*, though it will ask questions aimed, in good faith, at exposing the possible bias of potential jurors generally;

(3) No party shall make reference to any settlement or compromise negotiations for the purpose of establishing liability or damages without first approaching the Court to explain why Federal Rule of Evidence 408(a) does not prohibit such testimony;

(4) In the event of noncompliance with Federal Rule of Civil Procedure 26(a)(3)(A)(i), (iii) and (e), the Court will decide what sanction under Federal Rule of Civil Procedure 37(c)(1) is appropriate, if any, upon proper objection during trial; and,

(5) In the event of noncompliance with Federal Rule of Civil Procedure 26(a)(1)(A)(iii) and (e), the Court will decide what sanction under Federal Rule of Civil Procedure 37(c)(1) is appropriate, if any, upon proper objection during trial.

**IT IS SO ORDERED.**

Date:

cc: Counsel of Record