# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION
# CIVIL ACTION NO. 5:15-CV-00061-TBR

KAREN SLOAN,                                                                                                    Plaintiff,

v.

DRURY HOTELS COMPANY, LLC             Defendant/Third-Party Plaintiff,

v.

JOAN ROSS SQUIRES,                                      Third-Party Defendant.

## MEMORANDUM OPINION AND ORDER

In anticipation of the approaching trial in this action, the Drury Hotels Company, LLC has filed a motion *in limine* to preclude any evidence or testimony inviting the jury to stand in Karen Sloan's shoes, making reference to other similar slip-and-fall incidents, or otherwise eliciting corporate prejudices. For the reasons that follow, the Drury Hotels Company's Third Motion in Limine, [R. 42], is **GRANTED**.

### I.

### A.

In March 2014, Terry and Karen Sloan decided to stay at the Drury Inn located in Paducah, Kentucky, for an extended period while repairs were made to their home. [R. 51 at 1 (Mrs. Sloan's Pretrial Memorandum).] The Sloans, who owned three small dogs, selected the Drury Inn because of its pet-friendly policies. [*Id.*] During the early morning hours of March 7, Mrs. Sloan took her dogs outside for a walk. [*Id.*] When Mrs. Sloan exited the Drury Inn, Joan Squires, who was also a guest there, was in the "pet relief area" across the parking lot. [*See* R. 35 at 1–2 (Drury Hotels Company's Pretrial Memorandum).] She had been walking her dog too, though, unlike Mrs. Sloan,

1

without a leash. [*Id.* at 1.] As Mrs. Sloan made her way to the pet relief area, she fell, injuring her left elbow. [R. 51 at 1.]

The parties disagree as to what caused her fall. [*Compare* R. 30 at 1–2 (Squires' Pretrial Memorandum), *and* R. 51 at 1–3, *with* R. 35 at 1–2.] According to Mrs. Sloan, she encountered a patch of black ice in the parking lot and lost her footing. [R. 51 at 1.] The Drury Hotels Company, however, posits a different theory: It blames Squires' dog for startling Mrs. Sloan's dogs which caused her fall after she became entangled in their leashes. [R. 35 at 1–2.]

**B.**

In March 2015, Karen Sloan filed this slip-and-fall action against the Drury Hotels Company, LLC, in McCracken Circuit Court, alleging the Drury Hotels Company's failure to exercise reasonable care caused her fall and resulting injuries. [*See* R. 1-3 at 4–5, ¶¶ 12–24 (Complaint).] The Drury Hotels Company timely removed that action to this Court, [*see* R. 1 at 1–2, ¶¶ 1–4 (Notice of Removal)], and subsequently impleaded Joan Squires, seeking indemnity and contribution, [*see* R. 20 at 2–6, ¶¶ 6–30 (Third-Party Complaint)]. With the prospect of trial approaching, the Drury Hotels Company has filed a motion *in limine* to preclude any evidence or testimony inviting the jury to stand in Karen Sloan's shoes, making reference to other similar slip-and-fall incidents, or otherwise eliciting corporate prejudices. [R. 42 at 1 (Drury Hotels Company's Third Motion in Limine).]

**II.**

Using the inherent authority to manage the course of trials before it, this Court may exclude irrelevant, inadmissible, or prejudicial evidence through *in limine* rulings.

*See Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citing Fed. R. Evid. 103(c)); *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013); *Mahaney ex rel. Estate of Kyle v. Novartis Pharm. Corp.*, 835 F. Supp. 2d 299, 303 (W.D. Ky. 2011). Unless such evidence is patently "inadmissible for any purpose," *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997), though, the "better practice" is to defer evidentiary rulings until trial, *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975), so that "questions of foundation, relevancy and potential prejudice may be resolved in proper context," *Gresh v. Waste Servs. of Am., Inc.*, 738 F. Supp. 2d 702, 706 (E.D. Ky. 2010). A ruling *in limine* is "no more than a preliminary, or advisory, opinion." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994) (citing *United States v. Luce*, 713 F.2d 1236, 1239 (6th Cir. 1983), *aff'd*, 469 U.S. 38). Consequently, the Court may revisit its *in limine* rulings at any time and "for whatever reason it deems appropriate." *Id.* (citing *Luce*, 713 F.2d at 1239).

### III.

The Drury Hotels Company seeks, out of an abundance of caution, an *in limine* ruling prohibiting any argument or testimony inviting the jury to stand in Mrs. Sloan's shoes, making reference to other similar slip-and-fall incidents, or otherwise eliciting corporate prejudices. [R. 42 at 1.] Mrs. Sloan has no objection to that request. [R. 61 at 2 (Mrs. Sloan's Response).] The Court finds such an *in limine* ruling appropriate.

Generally speaking, remarks of those sorts are improper and prejudicial. For example, Kentucky has long prohibited so-called "Golden Rule" arguments,[1] *see Stanley*

---

[1] A "golden-rule argument" is one "in which a lawyer asks the jurors to reach a verdict by imagining themselves or someone they care about in the place of the injured plaintiff or crime victim." *Golden-Rule Argument*, *Black's Law Dictionary* (10th ed. 2014).

3

*v. Ellegood*, 382 S.W.2d 572, 575 (Ky. 1964), as well as those aimed at appealing to class prejudice, *see Murphy v. Cordle*, 197 S.W.2d 242, 243 (Ky. 1946).  Likewise, the occurrence or nonoccurrence of other accidents at the same location usually has no bearing on the issue of negligence.  *See Harris v. Thompson*, 497 S.W.2d 422, 429 (Ky. 1973).  Accordingly, the Court will preclude any argument or testimony inviting the jury to stand in Mrs. Sloan's shoes, making reference to other similar accidents, or otherwise eliciting corporate prejudices.

### IV.

**IT IS HEREBY ORDERED** that the Drury Hotels Company, LLC's Third Motion in Limine, [R. 42], is **GRANTED**.  No party shall make arguments or elicit testimony inviting the jury to stand in Karen Sloan's shoes, making reference to other similar accidents, or otherwise preying upon corporate prejudices.

**IT IS SO ORDERED.**

Date:

cc:     Counsel of Record