**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:15-CV-00061-TBR**

KAREN SLOAN,                                                                        Plaintiff,

v.

DRURY HOTELS COMPANY, LLC         Defendant/Third-Party Plaintiff,

v.

JOAN ROSS SQUIRES,                                      Third-Party Defendant.

**MEMORANDUM OPINION AND ORDER**

In anticipation of the approaching trial in this action, the Drury Hotels Company, LLC has filed a motion *in limine* to preclude the use of any demonstrative exhibit or videotaped deposition testimony not timely disclosed under Federal Rule of Civil Procedure 26. For the reasons that follow, the Drury Hotels Company's Fourth Motion in Limine, [R. 43], is **DENIED**.

**I.**

**A.**

In March 2014, Terry and Karen Sloan decided to stay at the Drury Inn located in Paducah, Kentucky, for an extended period while repairs were made to their home. [R. 51 at 1 (Mrs. Sloan's Pretrial Memorandum).] The Sloans, who owned three small dogs, selected the Drury Inn because of its pet-friendly policies. [*Id.*] During the early morning hours of March 7, Mrs. Sloan took her dogs outside for a walk. [*Id.*] When Mrs. Sloan exited the Drury Inn, Joan Squires, who was also a guest there, was in the "pet relief area" across the parking lot. [*See* R. 35 at 1–2 (Drury Hotels Company's Pretrial Memorandum).] She had been walking her dog too, though, unlike Mrs. Sloan,

1

without a leash. [*Id.* at 1.] As Mrs. Sloan made her way to the pet relief area, she fell, injuring her left elbow. [R. 51 at 1.]

The parties disagree as to what caused her fall. [*Compare* R. 30 at 1–2 (Squires' Pretrial Memorandum), *and* R. 51 at 1–3, *with* R. 35 at 1–2.] According to Mrs. Sloan, she encountered a patch of black ice in the parking lot and lost her footing. [R. 51 at 1.] The Drury Hotels Company, however, posits a different theory: It blames Squires' dog for startling Mrs. Sloan's dogs which caused her fall after she became entangled in their leashes. [R. 35 at 1–2.]

**B.**

In March 2015, Karen Sloan filed this slip-and-fall action against the Drury Hotels Company, LLC, in McCracken Circuit Court, alleging the Drury Hotels Company's failure to exercise reasonable care caused her fall and resulting injuries. [*See* R. 1-3 at 4–5, ¶¶ 12–24 (Complaint).] The Drury Hotels Company timely removed that action to this Court, [*see* R. 1 at 1–2, ¶¶ 1–4 (Notice of Removal)], and subsequently impleaded Joan Squires, seeking indemnity and contribution, [*see* R. 20 at 2–6, ¶¶ 6–30 (Third-Party Complaint)]. With the prospect of trial approaching, the Drury Hotels Company has filed a motion *in limine* to preclude the use of any demonstrative exhibit or videotaped deposition testimony not timely disclosed under Federal Rule of Civil Procedure 26. [R. 43 at 1–2 (Drury Hotels Company's Fourth Motion in Limine).]

**II.**

Using the inherent authority to manage the course of trials before it, this Court may exclude irrelevant, inadmissible, or prejudicial evidence through *in limine* rulings. *See Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citing Fed. R. Evid. 103(c));

*Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013); *Mahaney ex rel. Estate of Kyle v. Novartis Pharm. Corp.*, 835 F. Supp. 2d 299, 303 (W.D. Ky. 2011). Unless such evidence is patently "inadmissible for any purpose," *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997), though, the "better practice" is to defer evidentiary rulings until trial, *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975), so that "questions of foundation, relevancy and potential prejudice may be resolved in proper context," *Gresh v. Waste Servs. of Am., Inc.*, 738 F. Supp. 2d 702, 706 (E.D. Ky. 2010). A ruling *in limine* is "no more than a preliminary, or advisory, opinion." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994) (citing *United States v. Luce*, 713 F.2d 1236, 1239 (6th Cir. 1983), *aff'd*, 469 U.S. 38). Consequently, the Court may revisit its *in limine* rulings at any time and "for whatever reason it deems appropriate." *Id.* (citing *Luce*, 713 F.2d at 1239).

### III.

The Drury Hotels Company requests the automatic exclusion of any demonstrative exhibit or videotaped deposition testimony not timely disclosed to opposing counsel. [R. 43 at 1.] While Mrs. Sloan has no objection to the spirit of that request, she asks the Court to determine the consequences of nondisclosure during trial—not in the context of an *in limine* ruling.

Mrs. Sloan's suggestion is well taken. Civil Rule 26(a)(3)(A) requires, with limited exception, that each party disclose "the designation of those witnesses whose testimony the party expects to present by deposition," as well as each "exhibit, including summaries of other evidence," it expects to offer at trial, as part of its pretrial disclosures. Fed. R. Civ. P. 26(a)(3)(A)(ii)–(iii). Civil Rule 37 dovetails with this requirement: "If a

party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Exclusion "of late or undisclosed evidence is," true enough, "the usual remedy for noncompliance with Rule 26(a) or (e)." *Howe v. City of Akron*, 801 F.3d 718, 747 (6th Cir. 2015). That is not always the case, however, since Civil Rule 37(c)(1) provides the Court "with the option to order alternative sanctions 'instead of' exclusion of the late or undisclosed evidence 'on motion and after giving an opportunity to be heard'" as well. *Id.* (quoting Fed. R. Civ. P. 37(c)(1)). Under the plain language of Civil Rule 37, then, automatic exclusion is inappropriate. The Court will defer deciding the consequences, if any, of nondisclosure until presented with that question in the proper context.

## IV.

**IT IS HEREBY ORDERED** that the Drury Hotels Company, LLC's Fourth Motion in Limine, [R. 43], is **DENIED**. In the event of noncompliance with Federal Rule of Civil Procedure 26(a)(3)(A)(ii)–(iii), the Court will decide what sanction under Federal Rule of Civil Procedure 37(c)(1) is appropriate, if any, upon proper objection during trial.

**IT IS SO ORDERED.**

Date:

cc: Counsel of Record