# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION
# CIVIL ACTION NO. 5:15-CV-00061-TBR

KAREN SLOAN,                                                                                                                          Plaintiff,

v.

DRURY HOTELS COMPANY, LLC              Defendant/Third-Party Plaintiff,

v.

JOAN ROSS SQUIRES,                                    Third-Party Defendant.

## MEMORANDUM OPINION AND ORDER

In anticipation of the approaching trial in this action, Karen Sloan asks the Court to take judicial notice that, prior to March 7, 2014, the City of Paducah enacted City of Paducah, Ky., Code of Ordinances ch. 14, art. 2, §§ 14-31 and -36 (1997),[1] and that the Commonwealth of Kentucky had adopted Ky. Rev. Stat. § 258.095. [R. 54 at 1–3 (Mrs. Sloan's Motion to Take Judicial Notice).] Under Federal Rule of Evidence 201(b), the Court "may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Though local ordinances and state laws were once thought of as proper subjects for judicial notice, *see Val Decker Packing Co. v. Corn Prods. Sales Co.*,

---

[1] Section 14-31 defines an "owner" as "[a]ny person or persons, firm, association or corporation owning, keeping or harboring a dog." City of Paducah, Ky., Code of Ordinances ch. 14, art. 2, § 14-31 (1997). Section 14-36 reads:

> It shall be unlawful for the owner or keeper of any dog, either licensed or unlicensed, to allow the dog to be at large within the city limits and not restrained by a leash or confined in an enclosure. Any dog found at large shall be subject to seizure and impoundment by the city.

*Id.* § 14-36.

411 F.2d 850, 852 (6th Cir. 1969) (citing *Lamar v. Micou*, 114 U.S. 218 (1885)), the Sixth Circuit Court of Appeals has since "cabined the concept of 'judicial notice' to facts alone," *United States v. Dedman*, 527 F.3d 577, 587 (6th Cir. 2008). Now, state or local law "is simply a matter for the judge to determine." *Id.*; *see also United States v. Alexander*, 467 F. App'x 355, 361 (6th Cir. 2012) ("In this circuit, judicial notice refers to the noticing of facts alone; when it comes to law, judges 'find' or 'determine' the law."). Accordingly, the Court will deny the Mrs. Sloan's motion.

**IT IS HEREBY ORDERED** that Karen Sloan's Motion for Judicial Notice, [R. 54], is **DENIED**.

**IT IS SO ORDERED.**

Date:

cc:     Counsel of Record