# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION
# CIVIL ACTION NO. 5:15-CV-00061-TBR

KAREN SLOAN,                                                             Plaintiff,

v.

DRURY HOTELS COMPANY, LLC           Defendant/Third-Party Plaintiff,

v.

JOAN ROSS SQUIRES,                              Third-Party Defendant.

## MEMORANDUM OPINION AND ORDER

In anticipation of the approaching trial in this action, the Drury Hotels Company, LLC has filed a motion *in limine* to exclude evidence of prior criminal charges brought against Larry Myrick, an employee at the Drury Inn. For the reasons that follow, the Drury Hotels Company's Fifth Motion in Limine, [R. 63], is **DENIED**.

### I.

### A.

In March 2014, Terry and Karen Sloan decided to stay at the Drury Inn located in Paducah, Kentucky, for an extended period while repairs were made to their home. [R. 51 at 1 (Mrs. Sloan's Pretrial Memorandum).] The Sloans, who owned three small dogs, selected the Drury Inn because of its pet-friendly policies. [*Id.*] During the early morning hours of March 7, Mrs. Sloan took her dogs outside for a walk. [*Id.*] When Mrs. Sloan exited the Drury Inn, Joan Squires, who was also a guest there, was in the "pet relief area" across the parking lot. [*See* R. 35 at 1–2 (Drury Hotels Company's Pretrial Memorandum).] She had been walking her dog too, though, unlike Mrs. Sloan,

1

without a leash. [*Id.* at 1.] As Mrs. Sloan made her way to the pet relief area, she fell, injuring her left elbow. [R. 51 at 1.]

The parties disagree as to what caused her fall. [*Compare* R. 30 at 1–2 (Squires' Pretrial Memorandum), *and* R. 51 at 1–3, *with* R. 35 at 1–2.] According to Mrs. Sloan, she encountered a patch of black ice in the parking lot and lost her footing. [R. 51 at 1.] The Drury Hotels Company, however, posits a different theory: It blames Squires' dog for startling Mrs. Sloan's dogs which caused her fall after she became entangled in their leashes. [R. 35 at 1–2.]

**B.**

In March 2015, Karen Sloan filed this slip-and-fall action against the Drury Hotels Company, LLC, in McCracken Circuit Court, alleging the Drury Hotels Company's failure to exercise reasonable care caused her fall and resulting injuries. [*See* R. 1-3 at 4–5, ¶¶ 12–24 (Complaint).] The Drury Hotels Company timely removed that action to this Court, [*see* R. 1 at 1–2, ¶¶ 1–4 (Notice of Removal)], and subsequently impleaded Joan Squires, seeking indemnity and contribution, [*see* R. 20 at 2–6, ¶¶ 6–30 (Third-Party Complaint)]. With the prospect of trial approaching, the Drury Hotels Company has filed a motion *in limine* to exclude evidence of prior criminal charges brought against Larry Myrick, an employee at the Drury Inn. [R. 63 at 1–2 (Drury Hotels Company's Fifth Motion in Limine).]

**II.**

Using the inherent authority to manage the course of trials before it, this Court may exclude irrelevant, inadmissible, or prejudicial evidence through *in limine* rulings. *See Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citing Fed. R. Evid. 103(c));

*Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013); *Mahaney ex rel. Estate of Kyle v. Novartis Pharm. Corp.*, 835 F. Supp. 2d 299, 303 (W.D. Ky. 2011). Unless such evidence is patently "inadmissible for any purpose," *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997), though, the "better practice" is to defer evidentiary rulings until trial, *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975), so that "questions of foundation, relevancy and potential prejudice may be resolved in proper context," *Gresh v. Waste Servs. of Am., Inc.*, 738 F. Supp. 2d 702, 706 (E.D. Ky. 2010). A ruling *in limine* is "no more than a preliminary, or advisory, opinion." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994) (citing *United States v. Luce*, 713 F.2d 1236, 1239 (6th Cir. 1983), *aff'd*, 469 U.S. 38). Consequently, the Court may revisit its *in limine* rulings at any time and "for whatever reason it deems appropriate." *Id.* (citing *Luce*, 713 F.2d at 1239).

### III.

The Drury Hotels Company seeks to exclude evidence of prior criminal charges brought against Larry Myrick, an employee at the Drury Inn. [R. 63 at 1–2.] Myrick is expected to testify about his efforts to maintain the sidewalks and parking lot in a reasonably safe condition, and about the Sloans' statements relating to the cause of the accident the following day. [*Id.* at 1, 3–4.] In 2007, and then again in 2009, the McCracken County Attorney charged Myrick with theft by deception for passing "cold checks" at Petro at the Mall. [R. 63-1 at 1 (2007 Criminal Charges); R. 63-2 at 1 (2009 Criminal Charges).] The McCracken County Attorney brought those charges as a result of criminal complaints filed by the owner of Petro at the Mall—Mrs. Sloan. [*See* R. 68 at 1–2 (Response).] The Drury Hotels Company argues, in principal part, that evidence of

those charges is inadmissible under Federal Rules of Evidence 608(b) and 403. [R. 63 at 2–4.] Mrs. Sloan disagrees. She maintains that the criminal charges raise concerns not only about Myrick's credibility, but more importantly about his bias. [R. 68 at 2–3.] Mrs. Sloan is right.

While Federal Rule of Evidence 608(b) prohibits the introduction of extrinsic evidence to prove specific instances of a witness's conduct to attack "the witness's character for truthfulness," Fed. R. Evid. 608(b), it does not bar extrinsic evidence probative of a witness's potential bias, *see United States v. Phillips*, 888 F.2d 38, 41 (6th Cir. 1989) (citing *United States v. Meyer*, 803 F.2d 246, 249 (6th Cir. 1986)); Fed. R. Evid. 608 advisory committee's note to 2003 amendment. Bias refers to "the relationship between a party and a witness which might lead the witness to slant, unconsciously or otherwise, his testimony in favor of or against a party." *United States v. Abel*, 469 U.S. 45, 52 (1984). It may arise from a witness's "like, dislike, or fear of a party, or [from a] witness'[s] self-interest." *Id.* So long as the probative value of such evidence is not "substantially outweighed by [the] danger of . . . unfair prejudice," it is admissible. Fed. R. Evid. 403. The Court enjoys broad discretion when it decides questions of relevance and possible prejudice. *See Tompkin v. Philip Morris USA, Inc.*, 362 F.3d 882, 897 (6th Cir. 2004).

Here, the probative value of the criminal charges appears to be substantial. The McCracken County Attorney charged Myrick as a result of criminal complaints that Mrs. Sloan made against him on at least two occasions. [*See* R. 68 at 1–2.] It would not be beyond the pale of reason for a jury to find that those events might lead Myrick "to slant, unconsciously or otherwise, his testimony" against Mrs. Sloan. *Abel*, 469 U.S. at 52.

There seems to be little danger of any unfair prejudice against the Drury Hotels Company too. While the Drury Hotels Company argues that the jury might "impute some type of bad will to [it], even though [it] had nothing to do with the bad checks," [R. 63 at 3], a limiting instruction would minimize that risk, *see United States v. Feinman*, 930 F.2d 495, 499 (6th Cir. 1991) ("With respect to potential prejudice, the district court minimized any possible prejudicial effect by giving a limiting instruction to the jury before this testimony was introduced."). On this record, the Court finds that the probative value of Myrick's possible bias outweighs any danger of unfair prejudice to the Drury Hotels Company. Accordingly, the Court will deny its motion.

**IV.**

**IT IS HEREBY ORDERED** that the Drury Hotels Company, LLC's Fifth Motion in Limine, [R. 63], is **DENIED**. All parties **SHALL** submit proposed a limiting instruction **within five days of the date of this Memorandum Opinion and Order**.

**IT IS SO ORDERED.**

Date:

cc: Counsel of Record