UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:15-CV-00061-TBR

KAREN SLOAN,                                                                                    Plaintiff,

v.

DRURY HOTELS COMPANY, LLC,              Defendant/Third-Party Plaintiff,

v.

JOAN ROSS SQUIRES,                                                         Third-Party Defendant.

## MEMORANDUM OPINION AND ORDER

In anticipation of the approaching trial in this action, the Drury Hotels Company, LLC has filed a motion *in limine* to preclude any evidence, reference, or testimony regarding its responsibility, if any, for the additional care that Karen Sloan's daughter, Elizabeth Azar, required after Mrs. Sloan's accident. For the reasons that follow, the Drury Hotels Company's Second Motion in Limine, [R. 41], is **GRANTED IN PART** and **DENIED IN PART**.

### I.

### A.

In March 2014, Terry and Karen Sloan decided to stay at the Drury Inn located in Paducah, Kentucky, for an extended period while repairs were made to their home. [R. 51 at 1 (Mrs. Sloan's Pretrial Memorandum).] The Sloans, who owned three small dogs, selected the Drury Inn because of its pet-friendly policies. [*Id.*] During the early morning hours of March 7, Mrs. Sloan took her dogs outside for a walk. [*Id.*] When Mrs. Sloan exited the Drury Inn, Joan Squires, who was also a guest there, was in the "pet relief area" across the parking lot. [*See* R. 35 at 1–2 (Drury Hotels Company's

Pretrial Memorandum).] She had been walking her dog too, though, unlike Mrs. Sloan, without a leash. [*Id.* at 1.] As Mrs. Sloan made her way to the pet relief area, she fell, injuring her left elbow. [R. 51 at 1.]

The parties disagree as to what caused her fall. [*Compare* R. 30 at 1–2 (Squires' Pretrial Memorandum), *and* R. 51 at 1–3, *with* R. 35 at 1–2.] According to Mrs. Sloan, she encountered a patch of black ice in the parking lot and lost her footing. [R. 51 at 1.] The Drury Hotels Company, however, posits a different theory: It blames Squires' dog for startling Mrs. Sloan's dogs which caused her fall after she became entangled in their leashes. [R. 35 at 1–2.]

**B.**

In March 2015, Karen Sloan filed this slip-and-fall action against the Drury Hotels Company, LLC, in McCracken Circuit Court, alleging the Drury Hotels Company's failure to exercise reasonable care caused her fall and resulting injuries. [*See* R. 1-3 at 4–5, ¶¶ 12–24 (Complaint).] The Drury Hotels Company timely removed that action to this Court, [*see* R. 1 at 1–2, ¶¶ 1–4 (Notice of Removal)], and subsequently impleaded Joan Squires, seeking indemnity and contribution, [*see* R. 20 at 2–6, ¶¶ 6–30 (Third-Party Complaint)]. With the prospect of a trial approaching, the Drury Hotels Company has filed a motion *in limine* to preclude any evidence, reference, or testimony regarding its responsibility, if any, for the additional care that Mrs. Sloan's daughter required after the accident. [R. 41 at 1 (Drury Hotels Company's Second Motion in Limine).]

## II.

Using the inherent authority to manage the course of trials before it, this Court may exclude irrelevant, inadmissible, or prejudicial evidence through *in limine* rulings. *See Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citing Fed. R. Evid. 103(c)); *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013); *Mahaney ex rel. Estate of Kyle v. Novartis Pharm. Corp.*, 835 F. Supp. 2d 299, 303 (W.D. Ky. 2011). Unless such evidence is patently "inadmissible for any purpose," *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997), though, the "better practice" is to defer evidentiary rulings until trial, *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975), so that "questions of foundation, relevancy and potential prejudice may be resolved in proper context," *Gresh v. Waste Servs. of Am., Inc.*, 738 F. Supp. 2d 702, 706 (E.D. Ky. 2010). A ruling *in limine* is "no more than a preliminary, or advisory, opinion." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994) (citing *United States v. Luce*, 713 F.2d 1236, 1239 (6th Cir. 1983), *aff'd*, 469 U.S. 38). Consequently, the Court may revisit its *in limine* rulings at any time and "for whatever reason it deems appropriate." *Id.* (citing *Luce*, 713 F.2d at 1239).

## III.

The Drury Hotels Company seeks to preclude any testimony or argument suggesting that it should be responsible for the additional care that Elizabeth Azar, Mrs. Sloan's daughter, required after Mrs. Sloan's accident. [R. 41 at 1.] Mrs. Sloan does not seek damages for the additional care Azar required, and so does not oppose the Drury Hotels Company's motion on that point. [R. 61 at 2 (Mrs. Sloan's Response).] However, Mrs. Sloan maintains that Azar's testimony is "appropriate to show the jury how the

accident" affected Mrs. Sloan's life. [*Id.*] The Court agrees: While no party shall make reference to the Drury Hotels Company's responsibility, if any, for the additional care that Azar required after Mrs. Sloan's accident, Azar may testify about how the accident affected her mother's life.

### IV.

**IT IS HEREBY ORDERED** that the Drury Hotels Company, LLC's Second Motion in Limine, [R. 41], is **GRANTED IN PART** and **DENIED IN PART**. No party shall make reference to the Drury Hotels Company's responsibility, if any, for the additional care that Karen Sloan's daughter, Elizabeth Azar, required after Mrs. Sloan's accident. However, Azar may testify about how the accident affected Mrs. Sloan's life.

**IT IS SO ORDERED.**

Date:

cc: Counsel of Record