UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:15-CV-00061-TBR

KAREN SLOAN,                                                                  Plaintiff,

v.

DRURY HOTELS COMPANY, LLC,         Defendant/Third-Party Plaintiff,

v.

JOAN ROSS SQUIRES,                           Third-Party Defendant.

### MEMORANDUM OPINION AND ORDER

In anticipation of the approaching trial in this action, Karen Sloan has filed a motion seeking an *in limine* ruling that Kentucky's comparative fault statute, Ky. Rev. Stat. § 411.182, does not apply to actions involving Kentucky's dog-owner liability statute, Ky. Rev. Stat. § 258.235. For the reasons that follow, Mrs. Sloan's Motion in Limine, [R. 53], is **DENIED**.

### I.

### A.

In March 2014, Terry and Karen Sloan decided to stay at the Drury Inn located in Paducah, Kentucky, for an extended period while repairs were made to their home. [R. 51 at 1 (Mrs. Sloan's Pretrial Memorandum).] The Sloans, who owned three small dogs, selected the Drury Inn because of its pet-friendly policies. [*Id.*] During the early morning hours of March 7, Mrs. Sloan took her dogs outside for a walk. [*Id.*] When Mrs. Sloan exited the Drury Inn, Joan Squires, who was also a guest there, was in the "pet relief area" across the parking lot. [*See* R. 35 at 1–2 (Drury Hotels Company's Pretrial Memorandum).] She had been walking her dog too, though, unlike Mrs. Sloan,

without a leash. [*Id.* at 1.] As Mrs. Sloan made her way to the pet relief area, she fell, injuring her left elbow. [R. 51 at 1.]

The parties disagree as to what caused her fall. [*Compare* R. 30 at 1–2 (Squires' Pretrial Memorandum), *and* R. 51 at 1–3, *with* R. 35 at 1–2.] According to Mrs. Sloan, she encountered a patch of black ice in the parking lot and lost her footing. [R. 51 at 1.] The Drury Hotels Company, however, posits a different theory: It blames Squires' dog for startling Mrs. Sloan's dogs which caused her fall after she became entangled in their leashes. [R. 35 at 1–2.]

**B.**

In March 2015, Karen Sloan filed this slip-and-fall action against the Drury Hotels Company, LLC, in McCracken Circuit Court, alleging the Drury Hotels Company's failure to exercise reasonable care caused her fall and resulting injuries. [*See* R. 1-3 at 4–5, ¶¶ 12–24 (Complaint).] The Drury Hotels Company timely removed that action to this Court, [*see* R. 1 at 1–2, ¶¶ 1–4 (Notice of Removal)], and subsequently impleaded Joan Squires, seeking indemnity and contribution, [*see* R. 20 at 2–6, ¶¶ 6–30 (Third-Party Complaint)]. With the prospect of trial approaching, Mrs. Sloan has filed a motion seeking an *in limine* ruling that Kentucky's comparative fault statute, Ky. Rev. Stat. § 411.182, does not apply to actions involving Kentucky's dog-owner liability statute, Ky. Rev. Stat. § 258.235. [R. 53 at 1–3 (Mrs. Sloan's Motion in Limine).]

**II.**

Using the inherent authority to manage the course of trials before it, this Court may exclude irrelevant, inadmissible, or prejudicial evidence through *in limine* rulings. *See Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citing Fed. R. Evid. 103(c));

2

*Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013); *Mahaney ex rel. Estate of Kyle v. Novartis Pharm. Corp.*, 835 F. Supp. 2d 299, 303 (W.D. Ky. 2011). Unless such evidence is patently "inadmissible for any purpose," *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997), though, the "better practice" is to defer evidentiary rulings until trial, *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975), so that "questions of foundation, relevancy and potential prejudice may be resolved in proper context," *Gresh v. Waste Servs. of Am., Inc.*, 738 F. Supp. 2d 702, 706 (E.D. Ky. 2010). A ruling *in limine* is "no more than a preliminary, or advisory, opinion." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994) (citing *United States v. Luce*, 713 F.2d 1236, 1239 (6th Cir. 1983), *aff'd*, 469 U.S. 38). Consequently, the Court may revisit its *in limine* rulings at any time and "for whatever reason it deems appropriate." *Id.* (citing *Luce*, 713 F.2d at 1239).

### III.

The principal question raised by Mrs. Sloan's motion is whether Kentucky's comparative fault statute, Ky. Rev. Stat. § 411.182, applies to cases involving Kentucky's dog-owner liability statute, Ky. Rev. Stat. § 258.235. In the main, Mrs. Sloan seeks to prohibit the jury from apportioning any fault to Squires should a jury find her dog contributed to Mrs. Sloan's accident. [R. 53 at 2–3; R. 66 at 2–3 (Reply).] Her argument goes something like this: Under Kentucky law, "[a]ny owner whose dog is found to have caused damage to a person . . . shall be responsible for that damage." Ky. Rev. Stat. § 258.235(4). An "owner" of a dog, in turn, includes "every person having a right of property in the dog and every person who keeps or harbors the dog, or has it in his care, or permits it to remain on or about premises owned or occupied by him." Ky. Rev. Stat.

3

§ 258.095(5). Mrs. Sloan points out that the Drury Hotels Company allowed Squires' dog "to remain on or about [its] premises," making it just as much an "owner" of Squires' dog as Squires herself. *Id.* Since the Drury Hotels Company is just as liable for the damage Squires' dog caused, Mrs. Sloan reasons, an apportionment instruction is unnecessary. [*See* R. 53 at 2–3; R. 66 at 2–3.]

The Court is not so sure. Kentucky's dog-owner liability statute provides that "[a]ny owner whose dog is found to have caused damage to a person . . . shall be responsible for that damage." Ky. Rev. Stat. § 258.235(4). Despite that language, though, Kentucky courts have long held that the statute does not impose strict liability upon the owner or keeper of a dog in all circumstances. *See Johnson v. Brown*, 450 S.W.2d 495, 496 (Ky. 1970) (discussing Ky. Rev. Stat. § 258.275(1) (current version at Ky. Rev. Stat. § 258.235(4))); *Dykes v. Alexander*, 411 S.W.2d 47, 48–49 (Ky. 1967); *May v. Holzknecht*, 320 S.W.3d 123, 126–27 (Ky. Ct. App. 2010); *Carmical v. Bullock*, 251 S.W.3d 324, 326 (Ky. Ct. App. 2007); *see also* 13 David J. Leibson, *Kentucky Practice Tort Law* § 12:5 (2015 ed.). The statute provides that the owner of a dog shall be responsible for damage caused by the dog. *See* Ky. Rev. Stat. § 258.235(4). "It does not, however, state that the owner shall be liable for *all* damages. While the owner is liable, other parties may also be liable or may have proximately contributed to the injury." *S.H. ex rel. Robinson v. Bistryski*, 923 P.2d 1376, 1380 (Utah 1996), *cited with approval by Carmical*, 251 S.W.3d at 327.

Principles of comparative fault, then, "remain relevant," *May*, 320 S.W.3d at 127 (citing *Carmical*, 251 S.W.3d 324), particularly Kentucky's (partial) codification of the Uniform Comparative Fault Act, Ky. Rev. Stat. § 411.182. Kentucky's comparative fault

4

statute requires the trier of fact in "*all* tort actions" to "consider both the nature of the conduct of each party at fault and the extent of the causal relation between the conduct and the damages claimed" when determining the percentage of the total fault properly attributed to the parties. Ky. Rev. Stat. § 411.182(2) (emphasis added). "Fault," as used in the statute, includes not only "acts or omissions that are in any measure negligent or reckless toward the person or property of the actor or others," but also acts or omissions "that subject a person to *strict tort liability*." *Owens Corning Fiberglas Corp. v. Parrish*, 58 S.W.3d 467, 473 (Ky. 2001) (emphasis added) (quoting Unif. Comparative Fault Act § 1(b) (Unif. Law Comm'n 1979)); *see also Wemyss v. Coleman*, 729 S.W.2d 174, 177–78 (Ky. 1987). By defining "fault" to include conduct subjecting a person to strict liability, Kentucky has signaled that comparative fault principles persist even in those actions. The mere fact that Ky. Rev. Stat. § 258.235 prescribes a form of strict liability rather than traditional negligence does not exclude it from application of the comparative fault statute. *See S.H. ex rel. Robinson*, 923 P.2d at 1380–81 (collecting cases). "It will, therefore, be up to the finder of fact to determine and, if appropriate, apportion the liability of the parties in this action." *Bell v. Kruse*, No. 2010-CA-000323-MR, 2011 WL 1515417, at *2 (Ky. Ct. App. Apr. 22, 2011).

### IV.

**IT IS HEREBY ORDERED** that Karen Sloan's Motion in Limine, [R. 53], is **DENIED**.

**IT IS SO ORDERED.**

Date:

cc:     Counsel of Record