UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:15-CV-00061-TBR

KAREN SLOAN,                                                                    Plaintiff,

v.

DRURY HOTELS COMPANY, LLC                      Defendant/Third-Party Plaintiff,

v.

JOAN ROSS SQUIRES,                                                Third-Party Defendant.

## MEMORANDUM OPINION AND ORDER

In anticipation of the approaching trial in this action, Joan Ross Squires has filed a motion *in limine* to exclude a number of statements, as well as an incident report, on hearsay grounds. For the reasons that follow, Squires' Sixth Motion in Limine, [R. 91], is **GRANTED IN PART** and **DENIED IN PART**.

### I.

### A.

In March 2014, Terry and Karen Sloan decided to stay at the Drury Inn located in Paducah, Kentucky, for an extended period while repairs were made to their home. [R. 51 at 1 (Mrs. Sloan's Pretrial Memorandum).] The Sloans, who owned three small dogs, selected the Drury Inn because of its pet-friendly policies. [*Id.*] During the early morning hours of March 7, Mrs. Sloan took her dogs outside for a walk. [*Id.*] When Mrs. Sloan exited the Drury Inn, Joan Squires, who was also a guest there, was in the "pet relief area" across the parking lot. [*See* R. 35 at 1–2 (Drury Hotels Company's Pretrial Memorandum).] She had been walking her dog too, though, unlike Mrs. Sloan,

1

without a leash. [*Id.* at 1.] As Mrs. Sloan made her way to the pet relief area, she fell, injuring her left elbow. [R. 51 at 1.]

The parties disagree as to what caused her fall. [*Compare* R. 30 at 1–2 (Squires' Pretrial Memorandum), *and* R. 51 at 1–3, *with* R. 35 at 1–2.] According to Mrs. Sloan, she encountered a patch of black ice in the parking lot and lost her footing. [R. 51 at 1.] The Drury Hotels Company, however, posits a different theory: It blames Squires' dog for startling Mrs. Sloan's dogs which caused her fall after she became entangled in their leashes. [R. 35 at 1–2.]

**B.**

In March 2015, Karen Sloan filed this slip-and-fall action against the Drury Hotels Company, LLC, in McCracken Circuit Court, alleging the Drury Hotels Company's failure to exercise reasonable care caused her fall and resulting injuries. [*See* R. 1-3 at 4–5, ¶¶ 12–24 (Complaint).] The Drury Hotels Company timely removed that action to this Court, [*see* R. 1 at 1–2, ¶¶ 1–4 (Notice of Removal)], and subsequently impleaded Joan Squires, seeking indemnity and contribution, [*see* R. 20 at 2–6, ¶¶ 6–30 (Third-Party Complaint)]. With the prospect of trial approaching, Squires has filed a motion *in limine* to exclude, on hearsay grounds, a number of statements and an incident report prepared after Mrs. Sloan's accident. [R. 91 at 1–2 (Squires' Sixth Motion in Limine).]

**II.**

Using the inherent authority to manage the course of trials before it, this Court may exclude irrelevant, inadmissible, or prejudicial evidence through *in limine* rulings. *See Dietz v. Bouldin*, — U.S. —, —, 136 S. Ct. 1885, 1891 (2016); *Luce v. United*

2

*States*, 469 U.S. 38, 41 n.4 (1984) (citing Fed. R. Evid. 103(c)); *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013); *Mahaney ex rel. Estate of Kyle v. Novartis Pharm. Corp.*, 835 F. Supp. 2d 299, 303 (W.D. Ky. 2011). Unless such evidence is patently "inadmissible for any purpose," *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997), though, the "better practice" is to defer evidentiary rulings until trial, *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975), so that "questions of foundation, relevancy and potential prejudice may be resolved in proper context," *Gresh v. Waste Servs. of Am., Inc.*, 738 F. Supp. 2d 702, 706 (E.D. Ky. 2010). A ruling *in limine* is "no more than a preliminary, or advisory, opinion." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994) (citing *United States v. Luce*, 713 F.2d 1236, 1239 (6th Cir. 1983), *aff'd*, 469 U.S. 38). Consequently, the Court may revisit its *in limine* rulings at any time and "for whatever reason it deems appropriate." *Id.* (citing *Luce*, 713 F.2d at 1239).

### III.

Squires seeks to exclude a number of statements, along with an incident report, as inadmissible hearsay. [*See* R. 91 at 1–2.] The Court will address the admissibility of each in turn.

### A.

First, Squires objects to Larry Myrick, an employee of the Drury Inn, testifying about a statement Mr. Sloan allegedly made to him concerning the circumstances of Mrs. Sloan's fall. [R. 91-1 at 3–4 (Memorandum in Support).] While Mr. Sloan did not observe the accident firsthand, Mrs. Sloan described it to him immediately thereafter. [*See* R. 92-1 at 16, 18 (Mr. Sloan's Deposition Excerpt).] Later that afternoon, Mr. Sloan

3

ran into Myrick. [*Id.* at 12 (Myrick's Deposition Excerpt).] Myrick recalled the ensuing conversation during his deposition:

> Q. Okay. You saw [Mr. Sloan] in the elevator? What did he tell you happened?
>
> A. He said that Mrs. Sloan was out taking her dogs out that morning. Met up with another lady that had her dog out there and it got loose and tangled up with her dog. And they got tangled up with her. She slipped and fell.

[*Id.*] Myrick never discussed the incident with Mrs. Sloan. [*Id.* at 13.]

Squires concedes, correctly, that the conversation between Mr. Sloan and Mrs. Sloan qualifies as an excited utterance, *see* Fed. R. Evid. 803(2), which is excepted from the general prohibition against hearsay, *see* Fed. R. Evid. 802. [*See* R. 91-1 at 3–4; R. 99 at 3 (Reply).] She argues, however, that the same does not hold true for Mr. Sloan's statement to Myrick. [*See* R. 91-1 at 3–4.] The way Squires sees things, that statement is inadmissible hearsay. [*See id.*]

The Court agrees. "Hearsay" is an out-of-court statement offered for the purpose of proving the truth of the matter asserted in that statement. Fed. R. Evid. 801(c). Hearsay is, of course, generally inadmissible, *see* Fed. R. Evid. 802, unless allowed under some exception, *see* Fed. R. Evid. 803–807, or afforded the preferential status of non-hearsay, *see* Fed. R. Evid. 801(d). Since Mr. Sloan made the above-referenced statement to Myrick out of court, it qualifies as hearsay if offered to prove the truth of what Mr. Sloan said.

The Drury Hotels Company sees things differently. It says Mr. Sloan's statement is not hearsay because, under Federal Rule of Evidence 801(d)(2)(A), he made that statement in "a representative capacity." [R. 96 at 5 (Drury Hotels Company's

4

Response).] The Drury Hotels Company, however, misapprehends the meaning of Rule 801(d)(2)(A).

Rule 801(d)(2)(A) counsels that a statement is not hearsay when offered against the party who made the statement in his individual or representative capacity. Fed. R. Evid. 801(d)(2)(A); *see also* Fed. R. Evid. 801(d)(2)(A) advisory committee's note to 1972 proposed rules; 30B Charles Alan Wright et al., *Federal Practice and Procedure* § 7018 (2014 ed.), Westlaw (database updated Apr. 2016). In other words, the declarant "must be a 'party' to the action" before Rule 801(d)(2)(A) applies. *Estate of Shafer v. C.I.R.*, 749 F.2d 1216, 1219 (6th Cir. 1984). Because Mr. Sloan is not a party to this action, Rule 801(d)(2)(A) is of no moment. Consequently, Mr. Sloan's statement to Myrick concerning the circumstances of Mrs. Sloan's fall is inadmissible if offered to prove the truth of the matter asserted in that statement.

### B.

Next, Squires objects to Sally Alvey, an assistant manager at the Drury Inn, testifying about a statement Myrick made to her repeating, in essence, his earlier conversation with Mr. Sloan. [R. 91-1 at 4.] Alvey recalled that conversation with Myrick during her deposition:

> Q. When did you first learn that Ms. Sloan had fallen?
>
> A. When I came in that morning, [Myrick] had told me. . . .
>
> Q. What did [Myrick] tell you about his conversations?
>
> A. Just that [Mrs. Sloan] had fell [sic] at the rear of the building walking her dogs.
>
> Q. Anything else that—and this is what [Myrick] was told [by] Mr. Sloan or by Mrs. Sloan?
>
> A. Mr. Sloan.

5

> . . . .
>
> Q.    Okay. So [Myrick] had told you that [Mrs. Sloan] fell out the rear of the building walking her dogs?
>
> . . . .
>
> A.    Yes, sir.
>
> . . . .
>
> Q.    Anything else that [Myrick] told you about Ms. Sloan's incident?
>
> A.    Other than that she was walking the dogs, no. And she was at the hospital.

[R. 92-1 at 3–4 (Alvey's Deposition Excerpt).] Squires maintains that Myrick's statement to Alvey is inadmissible hearsay. [*See* R. 91-1 at 4.]

Squires is right. The entire exchange between Myrick and Alvey is rife with hearsay and hearsay-within-hearsay. *See* Fed. R. Evid. 805. The Drury Hotels Company has pointed to no saving exception, [*see* R. 96 at 4–7], and the Court is aware of none. Accordingly, Myrick's statement to Alvey is inadmissible if offered to prove the truth of the matter asserted in that statement.

## C.

In addition, Squires objects to Alvey testifying about a subsequent statement Mr. Sloan allegedly made to her concerning the circumstances of Mrs. Sloan's accident. [*See* R. 91-1 at 4–5.] Alvey recounted that conversation in her deposition:

> Q.    Okay. And then you spoke with Mr. Sloan later that day . . . ?
>
> A.    Yes, sir.
>
> Q.    Okay. What did Mr. Sloan tell you?
>
> A.    I asked how his wife was doing. He said she was going to have to have surgery. And that she had been walking her three dogs and another dog startled her dogs and caused them to wrap around her legs causing her to fall.

6

[R. 92-1 at 4.] Squires points out that this statement, too, is inadmissible hearsay. [*See* R. 91-1 at 4–5.]

Again, Squires is correct. Mr. Sloan made that statement to Alvey out of court, so it qualifies as hearsay if offered to prove the truth of the matter asserted. *See* Fed. R. Evid. 801(c). The Drury Hotels Company has identified to no saving exception, [*see* R. 96 at 4–7], and the Court is aware of none. Therefore, Mr. Sloan's statement to Alvey is inadmissible if offered to prove the truth of the matter asserted in that statement.

### D.

Last but not least, Squires objects to the Drury Hotels Company introducing an incident report, which Alvey authored, into evidence. [*See* R. 91-1 at 5–8.] The incident report reads, in pertinent part:

> Mrs. Sloan's husband said she was walking her [three] dogs when another guest was walking their dog without a leash. That dog scared her dogs causing her to fall injuring her left elbow. He said she was having surgery to repair her elbow. He said it will probably be about a year to completely heal.

[R. 92-1 at 1 (Incident Report).] Alvey prepared the incident report after talking with Mr. Sloan but before speaking with Mrs. Sloan. [*See* R. 92-1 at 4–5.] Squires claims the incident report is inadmissible hearsay. [*See* R. 91-1 at 5–8.]

Squires' objection is well-taken. The incident report is based solely on statements Mr. Sloan made out of court and, therefore, qualifies as hearsay if offered to prove the truth of the matter asserted. *See* Fed. R. Evid. 801(c). Even assuming the incident report comes under the business-records exception, *see* Fed. R. Evid. 803(6), which the Court doubts, *see Essex Ins. Co. v. Fid. & Guar. Ins. Underwriters, Inc.*, 282 F. App'x 406, 411–12 (6th Cir. 2008), the narrative portion of the report does not. Information from "an outsider," such as Mr. Sloan, is "admissible for its truth under Rule 803(6) if that

7

outsider was under a business duty to report the information." *Peak v. Kubota Tractor Corp.*, 559 F. App'x 517, 523 (6th Cir. 2014) (citing *United States v. Cecil*, 615 F.3d 678, 690 (6th Cir. 2010)). Here, Mr. Sloan had no duty to furnish the Drury Hotels Company with any information. Consequently, Rule 803(6) does not save the narrative portion of the report from exclusion.

The Drury Hotels Company disagrees. It argues that Mrs. Sloan "adopted" the narrative portion of the incident report, removing it from the definition of hearsay altogether. [*See* R. 96 at 5–6.] The Drury Hotels Company, however, is incorrect.

Rule 801(d)(2)(B) classifies statements offered against a party as non-hearsay if the "party manifested that it adopted or believed" the statement "to be true." Fed. R. Evid. 801(d)(2)(B). "Adoption can be manifested by any appropriate means, such as language, conduct, or silence." *United States v. Jinadu*, 98 F.3d 239, 244 (6th Cir. 1996) (citing *Marshall v. Young*, 833 F.2d 709, 716 (7th Cir. 1987)). Knowledge of the contents of the statement, however, is usually an "essential" component. Fed. R. Evid. 801(d)(2)(B) advisory committee's note to 1972 proposed rules.

Here, the Drury Hotels Company has not adduced "sufficient foundational facts from which the jury could infer that [Mrs. Sloan] heard, understood, and acquiesced in the statement" contained in the incident report. *Jinadu*, 98 F.3d at 244. There does not appear to be any evidence that Mrs. Sloan ever saw the incident report, much less adopted it as her own. Accordingly, it cannot be treated as an adoptive admission under Rule 801(d)(2)(B). The incident report is, therefore, inadmissible if offered to prove the truth of the matter asserted in it.

8

## IV.

**IT IS HEREBY ORDERED** that Joan Ross Squires' Sixth Motion in Limine, [R. 91], is **GRANTED IN PART** and **DENIED IN PART**:

(1) Terry Sloan's statement to Sally Alvey is inadmissible if offered to prove the truth of the matter asserted in the statement. Before making any reference to Mr. Sloan's statement, counsel must first approach to seek leave from the Court.

(2) Terry Sloan's statement to Larry Myrick is inadmissible if offered to prove the truth of the matter asserted in the statement. Before making any reference to Mr. Sloan's statement, counsel must first approach to seek leave from the Court.

(3) Larry Myrick's statement to Sally Alvey is inadmissible if offered to prove the truth of the matter asserted in the statement. Before making any reference to Myrick's statement, counsel must first approach to seek leave from the Court.

(4) The incident report prepared by Sally Alvey is inadmissible if offered to prove the truth of the matter asserted in the report. Before making any reference to that report, counsel must first approach to seek leave from the Court.

**IT IS SO ORDERED.**

Date:

cc:    Counsel of Record