UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:15-CV-00061-TBR

FILED
VANESSA L. ARMSTRONG, CLERK
DEC 06 2016
U.S. DISTRICT COURT
WESTERN DIST. KENTUCKY

**KAREN SLOAN,**
Plaintiff,

v.

**DRURY HOTELS COMPANY, LLC,**
Defendant/Third-Party Plaintiff,

v.

**JOAN ROSS SQUIRES,**
Third-Party Defendant.

# JURY INSTRUCTIONS

# INTRODUCTION

Members of the jury, it is now time for me to instruct you about the law that you must follow in deciding this case. I will start by explaining your duties and the general rules that apply in every civil case. Then I will explain the elements, or parts, of the claims and defenses in question.

You have two main duties as a juror: The first is to decide what the facts are from the evidence that you saw and heard here in Court. Deciding what the facts are is your job—not mine. Nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you and to apply it to the facts. It is my job to instruct you about the law, and you are bound by the oath you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you during the trial and these instructions now. All of the instructions are important, and you should consider them together as a whole.

The lawyers may have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. The law does not permit you to be governed by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all of the evidence, follow the law as I give it to you, and reach a just verdict, regardless of the consequences.

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. All persons stand equal before the law and are to be treated as equals.

You are to consider only the evidence in the case. Unless you are otherwise instructed, the evidence in the case consists of the sworn testimony of the witnesses regardless of who called the witness, all exhibits received in evidence regardless of who may have produced them, and all facts and events that may have been admitted or stipulated to. Statements and arguments by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statement, closing arguments, and at other times is intended to help you understand the evidence, but it is not evidence.

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion. In our lives, we often look at one fact and conclude from it that another fact exists. In law, we call this an "inference." You are allowed to make reasonable inferences, but any inference you make must be based on the evidence in the case.

Another part of your job as jurors is to decide how credible, or believable, each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

Use your common sense and your everyday experience in dealing with other people, and then decide what testimony you believe and how much weight you think it

deserves. The weight of the evidence does not necessarily depend upon the number of witnesses who testify for either side.

Some of you have taken notes during the trial. You may use any notes taken by you during trial. However, the notes should not be substituted for your memory. Remember, notes are not evidence. If your memory should differ from your notes, then you should rely on your memory and not your notes. You should not be influenced by another juror's notes.

When you go to the jury room, you will select one juror to act as your foreperson. The foreperson will preside over your discussions and will speak for you here in Court. You will take these instructions to the jury room. When you have reached a unanimous agreement, your foreperson will complete, date, and sign your answers. Nothing I have said or done is intended to suggest what your verdict should be. That is entirely for you to decide.

Once you start deliberating, do not talk to the marshal or to anyone else, except each other, about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and give them to the marshal. The marshal will give them to me, and I will respond as soon as I can. I may have to talk to the parties about what you have asked, so it may take some time for me to get back to you.

One more thing about messages: Do not ever write down or tell anyone outside the jury room how you stand on your votes. That should stay secret until you are finished.

Your verdict or answer to any question must be unanimous. That is, all eight (8) members of the jury must agree on any answer to the question and on the verdict. It is

your duty as jurors to discuss this case and to try to reach an agreement. You must each decide the case for yourself, but only after you have considered all of the evidence, discussed it fully with your fellow jurors, and listened to the views of the other jurors. Do not be afraid to change your opinion if the discussion persuades you that you should. But do not make a decision simply because other jurors think that it is right, or simply to reach a verdict. Your sole interest is to seek the truth from the evidence.

## INSTRUCTION NO. 1

The term "preponderance of the evidence" is used many times in these Instructions and deserves some explanation before addressing the claims and defenses involved in the case. To establish something by a "preponderance of the evidence" means to prove that something is more likely so than it is not so. In other words, a preponderance of the evidence means such evidence as, when considered and compared to that opposed to it, has more convincing force, and produces in your mind a belief that what is sought to be proved is more likely true than not true. It does not, of course, require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been established by a preponderance of the evidence in the case, you may—unless otherwise instructed—consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received into evidence, regardless of who may have produced them.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard applicable in criminal cases. It does not apply in civil cases, such as this one. Therefore, you should disregard it.

## INSTRUCTION NO. 2

"Ordinary care," for purposes of these Instructions, means such care as an ordinarily prudent person or corporation would have exercised under like or similar circumstances.

## VERDICT FORM NO. 1

As to the claim of the Plaintiff, Karen Sloan, against the Defendant, the Drury Hotels Company, LLC, do you find from a preponderance of the evidence:

(1) that the presence of black ice in the parking lot of the Drury Hotels Company, LLC, was a substantial factor in causing Karen Sloan's injuries;

AND

(2) that by reason of the presence of black ice in the Drury Hotels Company, LLC's parking lot, the premises were not in a reasonably safe condition for use of its guests, including Karen Sloan?

YES _____                                                                    NO __X__

                                           __Redacted__
                                           Foreperson

                                           __12/6/16__
                                           Date

IF YOU ANSWERED "YES," PLEASE PROCEED TO VERDICT FORM NO. 2.

IF YOU ANSWERED "NO," THEN YOUR VERDICT IS NOW COMPLETE, AND YOU SHOULD RETURN TO THE COURTROOM.

## VERDICT FORM NO. 2

If you answered "YES" to Verdict Form No. 1, do you find from a preponderance of the evidence that the Defendant, the Drury Hotels Company, LLC, or its employees neither knew of, nor in the exercise of "ordinary care" should have discovered, the presence of the black ice in sufficient time before the Plaintiff, Karen Sloan, fell, to have remedied it or to have warned her of its presence?

YES _____                                                                      NO _____

_____
Foreperson

_____
Date

**IF YOU ANSWERED "YES," THEN YOUR VERDICT IS NOW COMPLETE, AND YOU SHOULD RETURN TO THE COURTROOM.**

**IF YOU ANSWERED "NO," THEN PLEASE PROCEED TO VERDICT FORM NO. 3.**

## VERDICT FORM NO. 3

As to the claim against Joan Ross Squires, it was the duty of Joan Ross Squires to restrain her dog by a leash while on the premises of the Drury Inn, located at 3975 Hinkleville Road, Paducah, Kentucky.  Do you find from a preponderance of the evidence that her failure to restrain her dog by a leash was a substantial factor in causing injury to the Plaintiff, Karen Sloan?

YES _____                                                                               NO _____


_____
Foreperson

_____
Date

**REGARDLESS OF YOUR ANSWER, PLEASE PROCEED TO VERDICT FORM NO. 4.**

## VERDICT FORM NO. 4

Do you find from a preponderance of the evidence:

(1)   that the Plaintiff, Karen Sloan, failed to exercise "ordinary care," as defined in Instruction No. 2, for her own safety and protection;

AND

(2)   that Karen Sloan's failure to exercise such care was a substantial factor in causing her injuries?

YES _____                                                                                  NO _____

_____
Foreperson

_____
Date

**REGARDLESS OF YOUR ANSWER, PLEASE PROCEED TO VERDICT FORM NO. 5.**

## VERDICT FORM NO. 5

If you answered "YES" to Verdict Form No. 1 and "NO" to Verdict Form No. 2, that means you found the Drury Hotels Company, LLC, to be at fault in causing injury to the Plaintiff, Karen Sloan.

If you answered "YES" to Verdict Form No. 3, that means you found Joan Ross Squires to be at fault in causing injury to the Plaintiff, Karen Sloan.

If you answered "YES" to Verdict Form No. 4, that means you found the Plaintiff, Karen Sloan, to be at fault in causing her own injury.

Now, you must determine the percentage of fault for each party which you found to be at fault. If you found all three parties to be at fault, then you must determine their percentage of fault and place that percentage by their name in the appropriate spaces below. If you found only two parties at fault, then you must determine their percentage of fault and place that percentage in the appropriate spaces below. Regardless, the total percentage for all those you find to be at fault must equal 100%. If you find only one party to be at fault, then you should disregard this Verdict Form and instead proceed to Verdict Form No. 6.

In determining the percentage of fault, you should consider both the nature of the conduct of each party at fault and the extent of the causal relation between the conduct and the damages claimed.

**QUESTION NO. 1.** What percentage of fault for the damages arising from Karen Sloan's injuries is attributable to the negligence of the Drury Hotels Company, LLC, as discussed in Verdict Form No. 1?

    **ANSWER:** _____%

**QUESTION NO. 2.** What percentage of fault for the damages arising from Karen Sloan's injuries is attributable to the negligence of Joan Ross Squires, as discussed in Verdict Form No. 3?

ANSWER: _____%

**QUESTION NO. 3.** What percentage of fault for the damages arising from Karen Sloan's injuries is attributable to her own negligence, as discussed in Verdict Form No. 4?

ANSWER: _____%

_____
Foreperson

_____
Date

**THE PERCENTAGES ENTERED IN YOUR ANSWERS TO QUESTION NO. 1, QUESTION NO. 2, AND/OR QUESTION NO. 3 MUST TOTAL 100%.**

REGARDLESS OF YOUR ANSWER, PLEASE PROCEED TO VERDICT FORM NO. 6.

## VERDICT FORM NO. 6

Now, you must determine Karen Sloan's "damages." Generally speaking, "damages" means the amount of money which will reasonably and fairly compensate Karen Sloan for any injury sustained as a direct result of the accident in question. Karen Sloan has the burden of establishing her damages by a preponderance of the evidence.

**QUESTION NO. 1.** The first type of damages Karen Sloan may recover is for "medical expenses." You should award an amount of money which will fairly compensate Karen Sloan for whatever necessary and reasonable expenses for medical services you believe she has incurred or is reasonably certain to incur in the future as a direct result of her injuries, not to exceed $30,777.54, which is the amount requested by Karen Sloan.

What sum of money, without regard to fault, do you find from a preponderance of the evidence to be the total amount of Karen Sloan's damages for medical expenses?

**ANSWER:** $_____.

(NOT TO EXCEED $30,777.54)

**QUESTION NO. 2.** The second type of damages Karen Sloan may recover is for "physical or mental pain and suffering." Physical or mental pain and suffering are intangible things about which no evidence of value is required. In awarding these damages, you are not determining value, but you should award an amount that will fairly compensate Karen Sloan for her physical or mental pain and suffering in the past and that you believe she will suffer in the future, not to exceed $250,000.00, which is

the amount requested by Karen Sloan.

What sum of money, without regard to fault, do you find from a preponderance of the evidence to be the total amount of Karen Sloan's damages for past and future physical or mental pain and suffering?

ANSWER:   $_____.

(NOT TO EXCEED $250,000.00)

_____
Foreperson

_____
Date

**YOUR VERDICT IS NOW COMPLETE, AND YOU SHOULD RETURN TO THE COURTROOM.**